UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR - 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Isreal Owen Hawkins, Jr., )
)
Petitioner, )
)
v. ) Civil Action No. 15-00066-UNA
)
Eric H. Holder, Jr., )
)
Respondent. )
)

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* "Petition for a Writ of Mandamus to Compel Attorney General Eric Holder to Comply with 18 U.S.C. § 3332, and 28 U.S.C. § 592 for a Special Grand Jury Investigation." The accompanying application to proceed *in forma pauperis* will be granted and the case will be dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Petitioner is a prisoner at the Federal Correctional Institution in Forrest City, Arkansas. He seeks to compel the United States Attorney General "to bring the unlawful acts and constitutional violations of Government IRS Agents/Officials and U.S. Justice Department Prosecutors before a Special Grand Jury and the appointment of a[n] independent prosecutor." Pet. at 1.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is

1



"clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted). In addition, "[t]he Attorney General's determination under [§ 592] to apply to the division of the court for the appointment of an independent counsel shall not be reviewable in any court." 28 U.S.C.A. § 592(f). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: April 2nd, 2015

2